CAMPBELL *v.* STATE.

(In Banc. Nov. 24, 1941.)

[4 So. (2d) 539. No. 34614.]

Jacobson, Snow & Covington and J. V. Gipson, all of Meridian, for appellant.

**Greek L. Rice,** Attorney-General, by **Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

Among other errors assigned for a reversal of this case is the fact that twenty-five of the petit jurors out of the total number of thirty-six empaneled on the regular venire for the week during which the trial of the appellant on the charge of murder was had were not drawn from the jury box as required by law. A special venire of sixty men, the number requested by the appellant, was granted for the trial of the case, and the record discloses that due to the fact that only eighteen of those who appeared at court for special venire duty were able to qualify for jury service, there were only six of them accepted to try the case at bar. The record does not affirmatively show whether or not any of the remaining six jurors who rendered the verdict of conviction against the appellant were taken from the twenty-five jurors alleged to have been illegally drawn. Of course, it may be surmised that under the law of averages some of them did serve on the jury, but it was incumbent upon the appellant to have the record disclose such fact if he desires

to complain of the same on appeal. We are therefore unable to reverse the judgment on that ground.

It is also assigned as error that the court below granted an instruction to the state reading in part as follows: "if you believe from the evidence that any witness has wilfully, knowingly and corruptly sworn falsely to any material matter in this case, then the jury may disregard the whole testimony of such witness or witnesses, if they believe it untrue." In support of this assignment of error, the appellant cites the cases of Metropolitan Life Ins. Company v. Wright, 190 Miss. 53, 199 So. 289; and Swanner v. State (Miss.), 2 So. (2d) 142. The above quoted instruction, however, may be distinguished from those involved in those two cases in that it does not tell the jury in effect that the whole testimony of any such witness or witnesses may be disregarded in its entirety if the jurors believe that any part of it was wilfully, knowingly or corruptly sworn to falsely, but the instruction herein complained of only authorizes the jury to disregard the whole testimony of such witness "if they believe it untrue." Most assuredly it will be presumed that jurors would have disregarded any testimony that it believed to be untrue in the absence of such an instruction. In other words, the instruction as written is meaningless and therefore harmless.

We have carefully examined the other errors assigned and we do not think any of them constitute reversible error.

Affirmed.